IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYLER HUNT** | : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 25-188 |
| | : | |
| **SPECIAL AGENT KATHLEEN GORMAN, et al.** | : | |
| | : | |

**McHUGH, J.**                                                                            **March 3, 2025**

### MEMORANDUM

On January 11, 2023, Plaintiff Tyler Hunt was arrested pursuant to a warrant for a Sunoco convenience store robbery on charges later dropped. Two years and one day later, Mr. Hunt filed this § 1983 action asserting claims for false arrest and malicious prosecution against the officers involved in the investigation, alleging that they proceeded without probable cause. One of those officers, Detective Michael Cappo, now moves to dismiss the false arrest claim, asserting that the two-year statute of limitations has run. Resolution of the motion depends upon when the cause of action accrued. Here, Mr. Hunt was arrested pursuant to a warrant, which means he was detained pursuant to a legal process at the time he was taken into custody. As a result, his claim accrued on the date of his arrest, and I am constrained to hold that the statute of limitations has expired.

**I.      Facts as Pled**

Shortly after noon on September 2, 2022, a man named Brandyn Warren exited a red Nissan Pathfinder, walked into a Sunoco convenience store, and purchased one item using his cell phone. Compl. ¶¶ 9, 16, 29, 38. Within minutes of his purchase, Brandyn returned to the Sunoco with Aaron Warren. *Id.* ¶ 34. The two men destroyed a skills machine near the entrance, stole the cash box, and fled in the Pathfinder. *Id.* ¶ 17. Brandyn wore distinctive sneakers with white soles, a light-colored wrist band, and had no visible tattoos on his arms. *Id.* ¶¶ 27, 28, 73, 74.

About ninety minutes after this robbery, Plaintiff Tyler Hunt walked into the same Sunoco and purchased three items using his credit card. *Id.* ¶¶ 38, 41, 47. Mr. Hunt had been running errands that morning, and phone records show that he was not in the area before the robbery. *Id.* ¶ 56. Mr. Hunt had a distinctive arm tattoo; surveillance footage shows that the two men involved in the robbery had no such tattoos. *Id.* ¶¶ 72-73.

Defendants Special Agent Gorman, Agents Does, and Detective Cappo investigated the robbery. The Defendants acquired surveillance footage from Sunoco and reviewed receipts from Sunoco purchases. *Id.* ¶¶ 38-50. They also acquired Mr. Hunt's credit card and phone records, including cell tower data. *Id.* ¶¶ 50-56. These records did not match the known details of the crime or perpetrators. *Id.* ¶¶ 17-82.

On December 29, 2022, Defendant Gorman prepared an affidavit of probable cause for Mr. Hunt's arrest. *Id.* ¶ 31. An arrest warrant was approved by a judge on January 5, 2023. *Id.* ¶ 32. Mr. Hunt was arrested on January 11, 2023 and held until he was arraigned and posted bail on January 12. *Id.* ¶¶ 8, 10. More than a year later, the Office of the Attorney General finally dropped all charges against Mr. Hunt. *Id.* ¶ 13.

This suit followed, bringing false arrest and malicious prosecution claims against the officers involved in the investigation.

## II. Standard of Review

Within the Third Circuit, motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are governed by the well-established standard set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

The expiration of a statute of limitations is an affirmative defense. *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). A complaint can be dismissed for failure to state a claim on

statute of limitations grounds "only when the statute of limitations defense is apparent on the face of the complaint." *Id.*

### III. Discussion

Both Parties agree that the statute of limitations for a § 1983 claim is governed by the law of the state where the cause of action arose, which in this case is two years under Pennsylvania law. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The controlling question is when the statute of limitations began to run, a question that intertwines with when the cause of action accrued. There is no dispute that Mr. Hunt was arrested on January 11, 2023, and this suit commenced on January 12, 2025, two years and one day later. Defendant Cappo argues that this renders the claim untimely. Plaintiff responds that it does not, on the ground that the cause of action did not accrue until Mr. Hunt was arraigned on the day following his arrest. I conclude that because Mr. Hunt's arrest was made pursuant to a warrant, he was detained pursuant to a legal process when he was taken into custody. As a result, his claim accrued at the time of arrest, with the further result that his false arrest claim is time-barred.

The statute of limitations typically begins to run when a claim accrues, which is governed by federal law. *Kach,* 589 F.3d at 634. The "standard rule is that a claim accrues when the plaintiff has a complete and present cause of action." *Gabelli v. S.E.C.*, 568 U.S. 442, 448 (2013) (cleaned up); *see also William A. Graham Co. v. Haughey*, 646 F.3d 138, 150 (3d Cir. 2011) ("*Graham II*") (a cause of action accrues "at the moment at which each of its component elements has come into being as a matter of objective reality, such that an attorney with knowledge of all the facts could get it past a motion to dismiss for failure to state a claim."). Necessarily, a statute of limitations cannot run prior to accrual, and "it is unquestionably the traditional rule that absent other indication, a statute of limitations begins to run" at accrual. *Corner Post, Inc. v. Bd. of Governors*

*of Fed. Rsrv. Sys.*, 603 U.S. 799, 811 (2024) (cleaned up).  It is only when a plaintiff cannot discover their underlying injury at the time of accrual that the traditional rule is modified.  In such cases, the Third Circuit, along with most other circuit courts, has adopted "a 'discovery rule,' which starts the limitations period when 'the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim.'" *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 670 n.4 (2014) (citing and quoting *William A. Graham Co. v. Haughey*, 568 F.3d 425, 433 (3d Cir. 2009) ("*Graham I*")).

To establish a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause.  *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995); *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988).  If the arrest was made pursuant to a warrant, the plaintiff must show "by a preponderance of the evidence: (1) that the police officer knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause." *Wilson v. Russo*, 212 F.3d 781, 786-87 (3d Cir. 2000) (cleaned up).  At the time of Mr. Hunt's arrest, he had a complete cause of action for false arrest.  An "attorney with knowledge of all the facts" would recognize that Mr. Hunt was arrested pursuant to a warrant, could review the contents of that warrant and any affidavit of probable cause, and would then be able to craft a false arrest complaint that could survive a motion to dismiss.  *See Graham II*, 646 F.3d at 150.  Consequently, Mr. Hunt's false arrest claim accrued when he was arrested on January 11, 2023, starting the statute of limitations under the traditional rule.  And because Mr. Hunt certainly knew of the injury concurrently with accrual - the fact that he was falsely arrested - the discovery rule does not alter this analysis.

This conclusion, based on general statute of limitations principles, aligns with the case law governing false arrests. The "statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007).[1] In *Kato*, the petitioner experienced a *warrantless* arrest. *Id.* at 389. Accordingly, his false arrest claim accrued at arraignment – the first legal process authorizing his detainment. *Id*. at 389-90. But when pretrial detention occurs pursuant to an arrest warrant, the claim accrues at the time of arrest because "[a]n arrest warrant . . . is a way of initiating legal process, in which a magistrate finds probable cause that a person committed a crime." *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 n.6 (2017); *see also Montgomery v. De Simone*, 159 F.3d 120, 126 n.5 (3d Cir. 1998) (petitioner's false arrest claims accrued on the night of her warranted arrest); *Hall v. Nisbet*, No. 19-4382, 2022 WL 17814625, at *3 (E.D. Pa. Dec. 20, 2022) ("A claim for false arrest accrues at the time a claimant becomes detained pursuant to legal process, that is, a valid arrest warrant.") .

Plaintiff misconstrues *Kato* and other cases as establishing a general proposition that false arrest claims always accrue at arraignment. *See, e.g., Moore v. Pennsylvania*, 2022 WL 7375509, at *2 (3d Cir. Oct. 13, 2022)[2]; *Mills v. City of Phila.,* No. 14-593, 2023 WL 6520488, at *8 (E.D.

---

[1] The current framework for analysis of when a claim accrues may not suffice for all potential false arrest claims. Consider a plaintiff detained through a warrantless arrest and subsequently released without being arraigned or facing any further criminal proceedings. In the absence of probable cause, such an arrest and detention would clearly violate the Fourth Amendment and be actionable under § 1983, but there is never a "legal process" authorizing detention.

[2] I note as well that *Moore* is non-precedential. I remain of the view that there is little to be gained from trying to parse nonprecedential Third Circuit decisions. *See Allegheny Cnty. Employees' Ret. Sys. v. Energy Transfer LP*, 532 F.Supp.3d 189, 236 (E.D. Pa. 2021) (McHugh, J.).

Pa. Oct. 5, 2023) (Schiller, J.). But in each case Plaintiff cites, there is a critical factual distinction – detention pursuant to "legal process" did not exist until arraignment because the underlying arrests were warrantless. Here, in contrast, a judicial officer had approved a warrant for the arrest. With all the essential elements in place, the claim accrued at the time Plaintiff was arrested. The statute of limitations has therefore run, and this claim must be dismissed.

It is worth noting that although the running of the statute in this case turns on a technical point of law, it is hardly a trap for the unwary. Intuitively, one would expect that the statute of limitations would expire two years after the event giving rise to the claim, and as a factual matter Plaintiff here would have known he was wrongfully arrested when the arrest itself occurred on January 11. What is anomalous is that in some cases the statute may be extended, not because of lack of notice, but because the initial arrest was made without a warrant and therefore not pursuant to a "legal process." Plaintiff here relied on the exception rather than the rule, with an unwelcome result.

**IV.    Conclusion**

For the reasons set forth above, Defendant Cappo's Motion to Dismiss must be granted. An appropriate order follows.

 /s/ Gerald Austin McHugh  
United States District Judge
